UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   24-CR-14019-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

KELLY YANIRA DEL VALLE,

Defendant.
_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office"), and Kelly Yanira Del Valle (hereinafter referred to as the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with conspiracy to harbor aliens by means of employment, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I), Count Two of the Indictment, which charges the Defendant with filing a false tax return, in violation of Title 26, United States Code, Section 7206(1), and Count Five of the Indictment, which charges the Defendant with aiding the filing of false tax returns, in violation of Title 26, United States Code, Section 7206(2).

2. This Office agrees to seek dismissal of Counts Three, Four, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Indictment, as to this Defendant, after sentencing.

3.      The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.  The Defendant is also aware that a sentence imposed under the guidelines does not provide for parole.

4.      With respect to Count One of the Indictment, the Defendant understands and acknowledges that the Court may impose up to a statutory maximum term of 10 years' imprisonment, followed by a term of supervised release of up to 3 years.  In addition to a term of imprisonment *and* supervised release, the Court may impose a fine of up to $250,000, or twice the gross loss or twice the gross gain caused by the offense, and may order forfeiture and restitution.

2

5. With respect to Count Two of the Indictment, the Defendant understands and acknowledges that the Court may impose up to a statutory maximum term of three years' imprisonment, followed by a term of supervised release of up to 1 year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and may order restitution.

6. With respect to Count Five of the Indictment, the Defendant understands and acknowledges that the Court may impose up to a statutory maximum term of 3 years' imprisonment, followed by a term of supervised release of up to 1 year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and may order restitution.

7. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 4, 5, and 6 of this agreement, a special assessment in the amount of $300 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offenses, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The Defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that she

will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

13. In the event the United States does not file a motion for downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines, this Office agrees that it will recommend that the Court impose a sentence at the bottom of the Defendant's advisory sentencing guideline range as calculated by the Court.

14. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

   (a) That the offense charged in Count One of the Indictment involved the harboring of at least 25 but less than 99 illegal aliens for purpose of Section 2L1.1(b)(2)(B) of the Sentencing Guidelines; and

   (b) That the total provable tax loss for purpose of Section 2T1.1(a)(1) and 2T4.1(G) of the Sentencing Guidelines is **$336,185.92**.

15. This Office and the Defendant agree that the total amount of restitution related to Count Two and Count Five of the Indictment, *and all relevant conduct related to those Counts*, is **$100,146.00**. This Office and the Defendant will request the Court to order the Defendant to pay restitution to the Internal Revenue Service ("IRS") in the amount of **$100,146.00**. This Office and the Defendant agree that the Court has the authority to order restitution in this amount pursuant to Title 18, United States Code, Section 3663(a)(3). This Office and the Defendant further agree that the total restitution shall be reduced by any payments made to the IRS by other responsible parties. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The Defendant agrees that she does not have the right to challenge the amount of this restitution-based assessment. All information concerning restitution payments, along with the Defendant's payments, should be sent to the Internal Revenue Service at the following address: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Avenue, Kansas City, MO 64108.

16. The Defendant agrees, as part of this plea agreement, to be permanently enjoined under IRC §§ 7402, 7407, and 7408, from preparing, assisting in, directing or supervising the

preparation or filing of federal tax returns, amended tax returns, or other related documents or forms for any person or entity for anyone other than herself or other than for an entity for which they have a legal obligation to file a tax return. The Defendant understands that the United States will file a civil complaint against her seeking this relief and related provisions, and defendant consents to the entry of a permanent injunction consistent with Federal Rule of Civil Procedure 65(d) in that separate civil action.

17. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, pursuant to 18 U.S.C. § 982(a)(6):

    a. any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense charged in Count One of the Indictment;

    b. any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such offense; and

    c. any property, real or personal, that was used to facilitate, or intended to be used to facilitate, the commission of such offense.

In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes a forfeiture money judgment in the sum of **$100,000.00.** in United States currency, which sum the parties agree represents the value of any property that constitutes or is derived from or is traceable to proceeds the Defendant obtained from the commission of the offense charged in Count One of the Indictment.[1]

18. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture,

---

[1] The approximately $21,316.00 seized by United States Immigration and Customs Enforcement on or about August 6, 2021, will be credited against the Defendant's forfeiture money judgment.

including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

19. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

20. The Defendant acknowledges that she has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with her attorney, and that her attorney has answered each of her questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify in her own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. The Defendant further acknowledges that she is fully satisfied with the representations provided by her attorney.

21. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 8/29/24        By: _____
                          MICHAEL D. PORTER
                          ASSISTANT UNITED STATES ATTORNEY

Date: 8.29.24        By: _____
                          KELLY YANIRA DEL VALLE
                          DEFENDANT

Date: 8-29-24        By: _____
                          MICHAEL MIRER
                          ATTORNEY FOR DEFENDANT